

RECEIVED NOV 21 2011 CLERK, U.S. DISTRICT COURT DISTRICT OF MONTANA MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| ERNEST BRENT WILCOCK, | ) | Cause No. CV 11-152-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MARTIN L. FRINK, Warden; | ) | |
| STATE OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

On November 18, 2011, Petitioner Ernest Wilcock moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254. He also moved for the appointment of counsel. Wilcock is a state prisoner proceeding pro se.

**I. Motion to Proceed In Forma Pauperis**

After reviewing Wilcock's motion and supporting account statement, I find that he has sufficiently shown that he cannot afford to pay all costs that may be associated with this action. The motion will be granted.

1

## II. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

## III. Second Petition

The instant petition is Wilcock's second with respect to his 1998 conviction for sexual intercourse without consent. On February 23, 2004, Wilcock filed a federal petition for writ of habeas corpus. The petition was denied on the merits on August 16, 2006. Order (doc. 18) at 5, *Wilcock v. Mahoney*, No. CV 04-32-M-DWM (D. Mont. Aug. 16, 2006). A certificate of appealability was denied by both this Court, Order (doc. 21) at 4, *Wilcock*, No. CV 04-32-M, and the Ninth Circuit Court of Appeals, Order (doc. 24) at 1, *Wilcock v. Mahoney*, No. 06-35854 (9th Cir. Dec. 19, 2006).

Wilcock subsequently filed various pleadings in the state courts, including a postconviction petition in the trial court and a petition for writ of habeas corpus in the Montana Supreme Court. Based on those decisions, Wilcock now alleges that his sentence is invalid because the State changed the date of the offense from January,

1997, to June 1997,[1] in order to deprive him of good time, which the Montana Legislature abolished for all offenses committed after January 31, 1997. Wilcock also claims that the Montana Legislature's amendments to Mont. Code Ann. § 45-5-503, the statute under which he was convicted, gave rise to technical defects that mean there was no statute in effect at the time he was convicted and/or that he was sentenced in excess of the statutory maximum.

Because the instant petition is Wilcock's second, this Court has no jurisdiction to consider it. 28 U.S.C. § 2244(b)(2); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Because dismissal is imperative, a certificate of appealability is not warranted. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Finally, because the petition would be untimely in any case, transfer to the Court of Appeals is not in the interest of justice. 28 U.S.C. §§ 1631, 2255(f).

Based on the foregoing, the Court enters the following:

## ORDER

---

[1] Although it is not clear from his petition, documents submitted by Wilcock in the first habeas proceeding, *see* Objections (doc. 17) (under seal) at 2, *Wilcock*, No. CV 04-32-M (D. Mont. filed June 1, 2006), show that he knew, during the original criminal proceedings in 1997-98, that the victim alleged a course of conduct continuing beyond January 31, 1997. *See* Evaluation (doc. 17-1) (under seal) at 9, *Wilcock*, No. CV; Presentence Report (doc. 17-2) at 3, *Wilcock*, No. CV 04-32-M (citing police report stating that the victim said "the last time . . . was at the residence . . . sometime in June of 1997.").

1. Wilcock's motion to proceed in forma pauperis (doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

2. The motion for counsel (doc. 3) is DENIED.

The Court also enters the following:

## RECOMMENDATION

1. The petition (doc. 1) should be DISMISSED for lack of jurisdiction as an unauthorized second or successive petition;

2. The Clerk should be directed to enter a judgment of dismissal; and

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Wilcock may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Wilcock files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or

argument in objection to this Findings and Recommendation may preclude Wilcock from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Wilcock must immediately inform the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this case without notice to him.

DATED this 21st day of November, 2011.

Jeremiah C. Lynch
United States Magistrate Judge

5